### State, ex rel. Fox,
v.
### Montgomery County
### Joint Vocational District
*[Cite as 5 AOA 43]*

*Case No. 11355*
*Montgomery County, (2nd)*
*Decided July 31, 1990*

*David M. Schnorf, Troy L. Moore, Schnorf, Schnorf & Ballard, 1800 Ohio Citizens Bank Building, 405 Madison Avenue, Toledo, OH 43604, Attorneys for Relator, Rose N. Fox.*

*Michael J. Burdge, Young, Pryor, Lynn & Jerardi, 120 West Third St., Suite 350, Dayton, OH 45402, Attorney for Respondent, Montgomery County Joint Vocational School District.*

FAIN, J.
Relator Rose N. Fox seeks a writ of mandamus from this court ordering respondent Montgomery County Joint Vocational School District Board of Education (Board) to pay to the State Teachers' Retirement System (STRS) the sum of $4,158.86, representing the Board's proportionate share for the purchase of Fox's service credit for the 1985-86 school year, during which she had a leave of absence from her employment as a teacher. This matter comes before the court on Fox's complaint, the Board's answer and counterclaim, Fox's answer to the counterclaim, the motions of both parties for summary judgment, the evidentiary material submitted by each party in support of their respective motions for summary judgment, the report and recommendation of the referee appointed in this case, recommending that the writ be denied, and the objections of both parties to the report and recommendations. For the reasons that follow, we agree with the referee's report and recommendation. Accordingly, the writ of mandamus will be denied.
### I
As a threshold matter, Fox objects to the referee's failure to rule upon her motion to strike the Board's motion for summary judgment, upon the ground that it was not timely filed.

As the Board points out, Fox has made no claim or showing that she has been prejudiced as a result of the untimeliness of the Board's filing.

Accordingly, Fox's motion to strike the Board's motion for summary judgment will be OVERRULED.

## II

The facts found by the referee in her report and recommendation are not in dispute, and are consequently adopted as this court's findings of fact, as follows:

"1. Rose Fox applied in writing to the superintendent of the Montgomery County Joint Vocational School for a leave of absence for the school year of 1985-86 for "personal reasons". The date of the written application was May 29, 1985. (Relator's exhibit G, Respondent's exhibit A, authenticated by request for admissions). On the same date that the above written request was dated, a written form titled "Leave Request Contract" was also submitted. It is dated May 29, 1985, contains the signature of the Relator, and states:

'The undersigned, an employee of the MCJVSD (hereafter Board of Education) is submitting simultaneously herewith a written request for a leave of absence from his/her duties. The undersigned acknowledges that it is discretionary with the Board of Education whether or not to grant a leave of absence. The undersigned agrees that if such leave of absence is granted he/she will not thereafter purchase or attempt to purchase past service credit with the Ohio State Teachers Retirement System (STRS) or with the State Employees Retirement System (SERS) for the period of time covered by the leave of absence. The undersigned further acknowledges that the promise and agreement to refrain from such purchase of past service credit is an additional inducement to the Board of Education to grant the requested leave of absence and the breach of such promise and agreement is actionable on the part of the Board of Education.' (Relator's Exhibit H; Respondent's Exhibit B)

"3. The Board of Education granted the Relator's request for leave of absence.

"4. Relator submitted a check to Respondent for payment of her proportionate share of the amount for purchase of service credit for the 1985-1986 school year, the year of her leave of absence. The submission of the check was accompanied by a written request to the Board's Treasurer from the Relator to request payment from the Board of its proportionate share to the STRS. The check and written request were tendered on or about June 23, 1988. (Relator's Exhibit I, letter no date, check dated June 22, 1988; Respondent's Exhibit D)

"5. The Board of Education refused to accept the check from the Relator and denied the Relator's request to the Board to pay its proportionate share of the contribution for the purchase of service credit for the 1985-1986 school year during which the Relator was on leave of absence. (Relator's Exhibit J, Respondent's Exhibit C)."

In her objection to the referee's report and recommendation, Fox argues that her agreement with the Board that she would not elect to purchase a year of service credit corresponding to her leave of absence was against public policy, and should not be enforced. She cites no authority for this proposition, and we are aware of none.

There is no dispute that the Board had absolute discretion to grant Fox's request for a leave of absence, or not to do so, both as a matter of statute (R.C. 3319.13), and pursuant to its own established policy. It is equally undisputed that a member of the STRS who has been granted a leave of absence for educational, professional, or other purposes, pursuant to R.C. 3319.13, has the right to elect whether to purchase service credit, not to exceed two years for each such period of absence or leave. R.C. 3307.512(B). Thus, each party was possessed of a right; the Board was possessed of the right to decline to grant Fox the requested leave of absence, and Fox was possessed of the right to purchase service credit for the leave of absence granted (which would require the Board to pay its proportionate share).

In the absence of a public policy restriction, two parties possessed of certain rights may adjust or surrender those rights by contract for their mutual benefit. That is what happened in this case. Fox obtained the Board's assent to her leave of absence, and the Board obtained Fox's promise not to elect to purchase a service credit for the leave of absence granted. The result was to the mutual benefit of both Fox and the Board.

We are not aware of any public policy that would preclude the agreement into which the parties entered. The Board was able to accommodate the wishes of its employee at no cost to it, and the employee, Fox, was able to enjoy her leave of absence. Each party was empowered by statute to provide the consideration for the other's undertaking; the Board was authorized to grant the requested leave of absence, and Fox was authorized to elect not to purchase service credit for the leave of absence.

We conclude that there is no public policy that would have prevented the parties from entering into their contract with respect to the leave of absence.

Accordingly, Fox's objection to the referee's report and recommendation is OVERRULED.

## III

The Board objects to the report and recommendation based solely upon the referee's failure to address the Board's counterclaim for attorneys' fees and damages. The Board contends that its expenses incurred in this litigation are a consequence of Fox's having breached her contractual undertaking not to elect to purchase a service credit for the period of her leave of absence.

Fox maintains, in this litigation, that her contractual undertaking was not binding, because it was against public policy. Although we disagree with Fox's position, we conclude that it is a reasonably arguable position, and that the Board's expenses incurred in the course of this litigation have been incurred as a consequence of Fox maintaining that position in this litigation, rather than as a consequence of Fox having breached her contract.

The Board also contends that it should be awarded its attorneys fees pursuant to R.C. 2323.51, upon the grounds that the position maintained by Fox in this litigation is frivolous. We conclude that Fox's position maintained in this litigation is reasonably arguable, and not frivolous. Accordingly, the Board's objections to the referee's report and recommendation are OVERRULED.

## IV

For all of the reasons set forth above, Fox's motion to strike the Board's motion for summary judgment will be DENIED; the Board's motion for summary judgment is GRANTED; the writ of mandamus requested by Fox will be DENIED; and judgment will be entered in favor of Fox, upon the Board's counterclaim. Judgment will be entered accordingly.

WOLFF, P.J., and WILSON, J., concur.